NOV 10 2004

morris

November 6, 2004

2005 NOV 15 P 4: 07

Honorable Stefan R. Underhill
United States District Court
District of Connecticut
Brien McMahon Federal Building
915 Lafayette Blvd.
Bridgeport, Conn. 06604

Dear Clerk of The Court,

Case No. 3:02cr53
(SRU)

The last correspondence I received was August 24, 2004 from Krishna R. Patel, advising the court that she is requesting the court for a date to hear oral arguments.

In the meantime I have been reviewing my 28 USC 2255 motion and the Rebuttle I submitted and found a few issues I would like to be added as a memorandum to my existing Rebuttle, that soon, I hope to hear a ruling on my 28 USC 2255 motion.

I do not have access to a copying machine at this time it is being repaired so if you could copy the enclosed information and send a copy to Krishna A. Patel, I would be forever grateful.

Respectfully,
11-6-04  Patricia Morris

November 6, 2004

## Constitutional Rights of Prisoners

10.3

1.) Right to due process of law under the Fifth or Fourteenth Amendments."[44] The due process right has been couched in terms of the inmate's right to be free from an abuse of discretion on the part of prison administrators;"[45] protection from unconstitutional administrative action;"[46] protection of an inmate's life and health from administrative action."[47] Any treatment to which a prisoner is exposed is a form of punishment.

2.) Right to be free from the infliction of cruel and unusual punishments as guaranteed by the 8th Amendment."[48] Violation of Eighth Amendment rights have been found when there is an intentional denial of needed medical care, or when a prison official's conduct indicates deliberate indifference to the medical needs of an inmate. The presence of prejudice does exist.

Through no-fault of the Bureau of Prisons, I am unable to receive the medicine that could help my declining health condition. I am in extreme pain and discomfort most of the time. Dr. D'Avvoro claims that there medicine that he would like see me taking but I will not get it here. They can only give me what is available.

[signature]

11-6-04

November 6, 2004

28 U.S.C. 2255 Motion

United States v. Alba, 933 F. 2d. 1117 (2d Cir. 1991), the court affirmed a downward departure where the defendant's presence in the family was essential to maintaining its stability.

In United States v. Johnson, Supra, this Court held that extraordinary family circumstances are a proper bases for a downward departure from the guidelines range.

United States v. Galante, 111 F 3d, 1029, (2d. Cir. 1997), the court stated that the financial dependency of vulnerable persons is among the factors that can be considered in a downward departure.

My son has lost 40% use of his kidneys and is on medication to slow the disease, but as yet, theres no cure.

My oldest Daughter has numerous serious medical issues. My youngest Daughter is very sick with a spine ailment and a lung disease. My Grandson has severe Asthma since birth. My Fiance is very lonely and depressed which is a serious medical condition. We all need each other.

page 1                 Rebuttle            November 6, 2004

## Federal Criminal Code and Rules

### Rule 4 - Arrest Warrant or Summons on a Complaint

(a) Issuance. If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the Judge must sign or issue an arrest warrant to an officer authorized to execute it. At the request of an Attorney for the government, the Judge must issue a Summons, instead of a Warrant, to a person authorized to serve it. A Judge may issue more than one warrant or Summons on the same complaint. If a defendant fails to appear in response to a Summons, a Judge may, upon request of an Attorney for the Government must issue a warrant.

(2) Summons - A Summons must be in the same form as a warrant except that it must require the defendant to appear before a magistrate Judge at a stated time and place.

Page 2.                Rebuttle

(c) Execution or Service and Return

(1) By whom - Only a marshal or other authorized officer may execute a warrant. Any person authorized to serve a summons in a federal civil action may serve a summons.

(1) Warrant - A warrant must:
(A) Contain a defendant's name or, if it is unknown a name or description by which the defendant can be identified with reasonable certainty;
(b) describe the offense charged in the complaint
(c) Command that the defendant be arrested and brought without unnecessary delay before a magistrate Judge or, if none is reasonably available, before a state or local Judicial officer; and (D) be signed by a Judge.

Ms. Morris contends that neither a summons or a warrant was served upon her person or place of abode. Ms Morris received a letter in the mail from a U.S. Attorney, informing her that there were several issues of credit card use and if she chose to come to her office to discuss the matter or contact an Attorney

Page 3

Page 3

## Rebuttle

to come in to speak to her. At no time was a summons, warrant or prosecution mentioned. Only if Ms. Morris did not want to come in to speak to her she was under no obligation, to.

When Ms. Morris was photographed, and finger printed, at no time did the processing officers read or informed her of her Memorandum Rights, and she was never served with a summons and or a warrant at the time of processing.

*[signature]*
11-06-04

Rule 32                                November 6, 2004

(D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Ms. Morris, at sentencing objected to numerous discrepencies in her pre-sentencing report and discussed the issues at hand, on record before sentencing. Counsel Carswell did not represent her client properly and did not help in any way, disputing the pre-sentencing report as she promised her client, and Ms. Morris's Fiancé and Daughter.

Counsel did nothing.                    11-06-04
                                        [signature]

Rebuttle                                November 6, 2004

Memorandum:

Melendez-Santana, 353 F.3d. at 93 - The District Court improperly delegated its sentencing authority by allowing the probation officer to determine the number of drug tests that she must undergo during Supervision.

Review for Abuse of Discretion - United States v. Phaneuf, 91 F.3d. 255, 262 (1st Cir 1996); United States v. Pepe 80 F. 3d 19, 22 (1st Cir 1996).

*[signature]*
11-6-04

page 1.

Congress abolished the existing parole system in the Sentencing Reform Act of 1984 212(a)(2), 98 Stat. 1999 (codified at 18 U.S.C. 3583 (2000)), and replaced it with a new system of "supervised release". The two systems are similar in that both allow former inmates to reenter society under official control. However, under supervised release, courts, rather than the Parole Commission, are responsible for setting and enforcing the conditions of release.

Ms. Morris claims that the District Court imposition of conditions of supervised release included a number of procedural and substantive errors. Ms. Morris claims that the drug treatment provision constituted an impermissible delegation of judicial authority since it allowed a probation officer to determine whether she had to undergo treatment. Ms. Morris claims that a provision requiring her to undergo drug testing also constituted an impermissible delegation since it allowed the probation officer to decide how many drug test she had to go.

Ms. Morris claims that the Sentencing Court impermissably delegated its sentencing authority by allowing a probation officer to decide whether she might have to attend drug treatment.

page 2

The condition states "at the discretion of the probation officer, [she shall] participate in a substance abuse treatment program arranged and approved by the probation officer until duly discharged by authorized program personnal with the approval of the probation officer."

Since this condition was only included in the written orders setting forth the terms of supervised release but was never imposed as a condition at her sentencing hearing, the Court violated her Sixth Amendment right, to be present at sentencing.

The failure of the sentencing court to announce the drug treatment condition at the sentencing hearing created a material conflict between the written and oral sentencing orders. The Court imposed a potentially significant new burden on the (Defendant) Ms. Morris — permitting a probation officer to order her to attend a treatment program without giving her the opportunity to object to the condition at the sentencing hearing. The drug treatment condition must be vacated on this basis alone.

page 3

There is another defect in the drug treatment condition that we must discuss to avoid future problems. That defect involves the amount of discretion that the court delegates to a probation officer to decide whether a defendant must participate in a drug treatment program.

The United States Sentencing Commission treats the imposition of drug treatment as a special condition of supervised release to be imposed by the court. Treatment decisions must be made by the Court, either at the time of sentencing, or later in response to a motion by the probation officer, citing the positive drug test during the period of supervised release and seeking a change in the conditions of supervised release.

Both a statute and the United States Sentencing Guidelines require the sentencing Court to order that the defendant "refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug test thereafter (as determined by the Court) for use of a controlled substance. 18 USC. 3583(d)(2000); USSG. 5D1.3(a)(4). The inclusion of the words "as determined by the Court" means that the Court, not the

page 4

probation officer, must decide how many tests a defendant should be forced to undergo.

Both the Statue and the Guidelines state that following the initial "drug test within 15 days of release", there must be "at least 2 periodic drug tests thereafter as determined by the court for use of a controlled substance. 18 U.S.C. 3583(d)(4)(d)(b); USSG. 5D1.3 (a)(4) (not to exceed 104 tests per year.) Three drug test are required. I am not a drug user.

The sentencing court impermissably delegated its sentencing authority by allowing the probation officer the authority to decide Ms. Morris's participation in a mental health treatment program (as directed by the probation officer.) Again, this mental health treatment should only be determined by the Court.

My crime has nothing to do with drugs or alcohol. There is no evidence or proof I ever abuse drugs or alcohol, which I did not. Hearsay evidence is impermissable in a court of law, this is what probation relied upon.

Drug and alcohol: The Court impermissably delegated it's sentencing authority by allowing probation officers to decide Ms. Morris' participation in a drug and

page 5

alcohol treatment program that was not "reasonable necessary" or "reasonably related" to her crime.

*Patricia Morris*
11-06-04

Under the rules of evidence, the people, the Probation Officer spoke with regarding Ms. Morris, statements are inadmissible hearsay it it is not subject to any exception. Cases: C.L. 661 F. Civil Procedure 2011- 1rcl 43 C.J.S. C.L. 656, 751, 1202; Especially conversations over the telephone.