page 6

1) For any offense, the defendant shall not commit another Federal, State or local offense 18 USC. 3563(a);

5) For any offense, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter (as determined by the Court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the Court for any individual defendant if the defendants presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (18 USC. 3563 a)
    Ms. Inoraeis contends that there never was any substance abuse on her part and that the Probation Officer and the Court relied on hearsay evidence and an incorrect and untruthful pre-sentence report that Ms. Inoraeis brought to the attention of the Court at sentencing.

United States v. Mangone, 105 F.3d 29, 36 (1st Cir 1997) (finding plain error when the sentencing court departed upward without giving prior notice).

Before a court may impose a sentence exceeding the Guidelines, It "must give prior notice to the defendant of its intention to impose a term of such an extended duration and must state on the record the aggravating circumstances that justify the upward departure." United States v. Matos 328 F.3d 34, 44 (1st Cir. (2003). Burns v. United States, 501 U.S. 129, 138-39, 111 S.CT. 2182, 115 L.Ed.2d 123 (1991).

In this case the upward departure was conducted at the time of Ms. Morris's Sentencing.

No prior notice was given.

11-6-04

Page 1                        Rebuttle              November 6, 2004

A-182

In November 2001 when SA Dunphy first attempted contact with Mrs. Morris, See report investigation dated (12-28-01), She provided SA Dunphy with a call back number of (203) 233-0089. SA Dunphy contacted Mrs. Morris on this number on at least two occasions. SA Dunphy subsequently determined that this telephone number is a cellular telephone with service from Verizon Wireless. Records from Verizon Wireless reveal that this service is listed to "John Pitt." A review of billing records for this number revealed that on March 20, 2002, a call was placed to Carrasco's place of business, (954)-941-3506, at 4:24 pm. This call lasted for 2 minutes. A second call was placed to (954)-941-3506 at 4:44 pm, and this call lasted for 42 minutes. The records do not reveal a call to this number on April 4, 2002.

Was Mr. John Pitt notified or asked if he would provide SA Dunphy with his cell phone records?

page 2                    Rebuttle

Did SA Dunphy obtain a supeona
to obtain John Pitts cell phone records?
Did SA Dunphy notify John Pitt that
he would be securing a supeona to
obtain his cellular phone records from
Verizon?

Under 18 § 3486 Under Federal Rules of
Criminal Procedure - a supeona shall
describe the objects required to be
produced and prescribed a return
date within a reasonable period of
time. within the objects

At no time was a supeona produced. or a
court order directing or allowing SA. Dunphy
to obtain John Pitts cellular Verizon phone
records, violating the 4th Amendment to the
United States Constitution that provides in part
to be secure in their persons, houses, papers,
and effects, no contact was made either.

The Fourth Amendment ensures and protects
the "Freedom" from unreasonable searches and
seizures is a substantial protection available
to all inhabitants of the United States, whether
or not charged with a crime.

page 3                                   Rebuttle

A-177

Mrs. Carrasco stated that a so-called
Agent "Lorton" wanted to speak to her
about Ms. morris's daughter Jane, who had
a car accident, leading to many bills and
that Ms. morris was basically insane
after her daughter's accident.

1) Mrs. morris does not have a daughter
named Jane.
2) Neither of Mrs. morris's daughters eve,
had a serious car accident.
3) Ms. morris is not insane.
4) Ms. morris's daughter, Maria Rose, flew
from Indiana to be with her mother for
Christmas and to help Irene Carrasco at
the Retirement Home, decorating for X-mas
and to help her mother serve food X-mas
day, in Florida.

A-181    Carrasco was unable to determine whether
this caller was the same as the previous
caller, or if it was Ms. morris.
April 4, 2002 SA Dunphy was again contacted
by Ms. Carrasco that she received a second
call from "Lorton" at 11:55 Am that day.

# Rebuttle

The makers of our Constitution Conferred, as against the Government, the right to be let alone the most Comprehensive of rights and the right most valued by civilized man. To protect that right, every unjustifiable intrusion by the Government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment. And the use as evidence in a Criminal proceedings, of facts ascertained by such intrusion must be deemed a violation of the Fifth Amendment.

Mr. John Pitt was not convicted of a crime or involved in anyway in the offense.

Mr. John Pitts rights were seriously violated by an unlawful intrusion on his expectation of privacy by S.A. Dunphy for no apparent or Justifiable reason.

Ms Carrasco's claim is incorrect and untruthful and off balance. Her statement is inadmissible in a Court of Law.

Ms. Morris's Fifth Amendment Rights were violated by evidence obtained by this Unjustifiable intrusion

page 4

# Rebuttle

A-182-

As of May 15, 2002 SA Dunphy's report claims that a call was not placed to (954) 941-3506 on April 4, 2002, but on A-181 Mr. Dunphy claims that a call was placed to Ms. Carrasco but she could not identify the caller as being the same caller and did not state ever on the record that the caller was Ms. Iruarri's.

This report is inaccurate and incorrect.

Evidence-including testimony, documents, and tangible objects that tends to prove or disprove the existence of an alledge fact. Which an inference may logically, truthfully, and makes clear the fact or point at issue.

Under the rules of evidence, the witness's statement is inadmissable hearsay that is not subject to any exception. Cases: C.L. 661 F. Civil Procedure 2011- Trial 43 CTS. CL. 656, 751, 1200;

11-6-04